[Cite as *Trawick v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-6969.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARQUET TRAWICK

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2011-09098-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}  Plaintiff, Marquet Trawick, an inmate formerly incarcerated at defendant, Marion Correctional Institution (MCI), filed this action alleging that several items of his personal property were lost or stolen on two separate occasions.  Plaintiff claimed that he "turned in one laundry bag in with one pair of green sweat pants" on January 2, 2011, and that the laundry came back on January 3, 2011, without the green sweat pants.  As for the second incident, plaintiff recalled that on or about January 27, 2011, he turned in "2 of the 3 changes of whites allotted in segregation."  According to plaintiff, Corrections Officer (CO) Barker failed to properly document the laundry items were received in the laundry.  Plaintiff claims that "[o]n or about Feb. 09, 2011 Lt. Lilly confirmed that 2 changes of whites, towel, and wash rag were missing and allowed me to retrieve appropriate wearing appeal [sic] from locker box."

{¶2}  In his complaint, plaintiff listed the following items as missing: one pair of green sweat pants, two pair of white Hanes boxers, two white t-shirts, two pair of white socks, one white bath towel, and one white wash cloth.   Plaintiff requested damage recovery in the amount of $47.23, the stated total value of the alleged missing property. Payment of the filing fee was waived.

{¶3}     Plaintiff submitted a copy of the disposition of grievance form dated March 1, 2011, which states that plaintiff's allegation of theft of a pair of green sweat pants was investigated. According to the records kept by the laundry department, three dorm "turned in 41 bags and 41 bags were returned to the dorm." Thus defendant asserted plaintiff failed to prove negligence on the part of MCI. The chief inspector concluded that plaintiff failed to prove that he owned green sweat pants, that he placed a pair of green sweat pants in the laundry, or that the sweat pants were not returned to him. Plaintiff submitted a copy of the disposition of grievance form dated March 16, 2011, which states that plaintiff's second allegation of missing laundry was also investigated. According to the form, defendant was unable to determine whether or not plaintiff sent and received laundry on that date because "staff did not follow procedure" by completing a clothing accountability log. It was recommended that plaintiff be reimbursed for this loss once he presented the appropriate clothing receipts. In his appeal to the chief inspector, plaintiff stated that "some of the items were state issue because in seg we are only allowed white items."[1] Plaintiff included a receipt showing the purchase of three white boxers at $3.47 each.

{¶4}     Defendant denied liability for the alleged missing sweat pants. Defendant admitted liability for the portion of the missing laundry from January 27, 2011, that plaintiff substantiated via receipts, two pair of boxer shorts. Defendant submitted a report from the Institutional Inspector for MCI, Robert Smith, who verified that plaintiff provided only one receipt which lists the purchase of boxer shorts. Although plaintiff attempted to substantiate ownership of the remaining missing property via an inmate property record from October 2010 and a contraband control slip, Smith related that such forms were not proper substitutes for the required receipts.

{¶5}     Plaintiff filed a response reiterating the allegations of his complaint and asserting that the subject receipts had been previously "produced to satisfy the R.I.B. appeal decision" regarding clothing and other items confiscated as contraband in October 2010.

---

[1] "Plaintiff cannot bring an action for the loss of state issue property considering he has no ownership right in such property." *Sanford v. Ross Corr. Inst.*, Ct. of Cl. No. 2006-03494-AD, 2006-Ohio-7311, ¶6. Therefore, any claim for the loss of state issue property is denied and shall not be further addressed.

## CONCLUSIONS OF LAW

{¶6} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶7} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶8} Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶9} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶10} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶11} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶12} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find the assertions of plaintiff particularly persuasive regarding the allegations of lost or stolen property.

{¶13}    Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.  Plaintiff failed to prove that defendant actually exercised control over and failed to return his alleged missing sweat pants.

{¶14}    Plaintiff has no right to pursue a claim for property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD.  Plaintiff has failed to present sufficient evidence (receipts) to prove he owned the alleged missing laundry, with the exception of two pair of boxer shorts.

{¶15}    Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.  Plaintiff has offered sufficient proof to establish defendant is liable for the loss of two pair of boxer shorts.

{¶16}    Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶17}    Evidence has established the value of plaintiff's missing property amounted to $6.94, and the court finds plaintiff has suffered damages in the total amount of $6.94.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARQUET TRAWICK

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2011-09098-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $6.94. Court costs are assessed against defendant.

                               DANIEL R. BORCHERT
                               Deputy Clerk

Entry cc:

Marquet Trawick, #563-071          Gregory C. Trout, Chief Counsel
P.O. Box 56                      Department of Rehabilitation
Lebanon, Ohio  45036           and Correction
                                770 West Broad Street
                                Columbus, Ohio  43222

9/15
Filed 9/21/11
Sent to S.C. reporter 1/27/12